Wendy PETERSON, Plaintiff

v.

SCOTIA PRINCE CRUISES LTD, Defendant

No. CIV.03–174–P–H.

United States District Court, D. Maine.

Aug. 19, 2004.

Timothy C. Coughlin, Coughlin, Rainboth, Murphy and Lown, Portsmouth, NC, for Wendy Peterson, Plaintiff.

Leonard Langer, Tompkins, Clough, Hirshon & Langer, Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Scotia Prince Cruises, Ltd., Defendant.

## ORDER

HORNBY, District Judge.

### (A) Plaintiff's Motion for Leave to File Supplemental Opposing Statement of Material Facts

I **DENY** the plaintiff's motion to file a supplemental statement of material facts in opposition to the summary judgment motion. The plaintiff did not file the motion until after she had received the Magistrate Judge's adverse decision. Even then, she gave no good reason for her earlier flagrant failure (see Magistrate Judge's Recommended Decision at 2, n. 1) to comply with this court's local rules for summary judgment practice. The argument that she had a late deposition to deal with is unpersuasive. Fed.R.Civ.P. 56(f) provides a basis for seeking relief if a summary judgment motion arrives too early in the discovery process, but the plaintiff did not use it. Moreover, significant parts of her supplemental statement have little to do with the late deposition, and are clearly simply a late effort to do what she should have done in responding to the initial summary judgment motion.

### (B) Plaintiff's Objection to the Recommended Decision of the Magistrate Judge

The United States Magistrate Judge filed with the court on June 2, 2004, with copies to counsel, his Recommended Decision on the defendant's Motion for Summary Judgment. The plaintiff filed an objection to the Recommended Decision on June 21, 2004. I have reviewed and considered the Recommended Decision, together with the entire record and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I accept the recommended decision that the defendant receive summary judgment on Counts VII and VIII and on the punitive damages claim. I reject the recommended decision on Counts I, III and V, and **DENY** summary judgment on those counts.

### (1) Count VIII and Punitive Damages

The plaintiff has not objected to the recommended decision that the defendant receive summary judgment on Count VIII and on her punitive damages claim. Therefore, I accept the Magistrate Judge's recommended decision in total for those claims. Fed.R.Civ.P. 72(b).

### (2) Count VII

The plaintiff has objected to the recommended decision on Count VII. Plaintiff's Objection at 3. (The defendant is incorrect in saying that she did not object. Defendant's Opp. Mem. at 1, n. 3). I agree with the reasoning of the Magistrate Judge and accept his recommendation. (I also observe that even if the plaintiff's Web-based materials were properly part of the summary judgment record, and they are not, the conclusion would be the same.)

### (3) Counts I, III, and V

For Counts I, III and V (respectively, battery, intentional infliction of emotional distress and conversion), the Magistrate Judge reasoned that the plaintiff had not presented admissible evidence to avoid summary judgment because, in failing to

submit an opposition to the defendant's statement of material facts, she had admitted the defendant's version of events. Local Rule 56(e). The Magistrate Judge therefore concluded that there was no evidence in the summary judgment record that she had been raped and robbed by a Scotia Prince crewmember, the premise of her lawsuit. The defendant Scotia Prince Cruises Ltd., however, never moved for summary judgment on that basis and in its statement of material facts, never asserted that the plaintiff had not been raped and robbed by a crew member. (Scotia Prince Cruises did assert that it behaved reasonably in its investigation of the incident. It explained why, after investigation, it concluded that neither of the two crew members whose passport photographs the plaintiff identified as perhaps depicting her assailant, had in fact attacked the plaintiff, but that is not the same as denying that a crew member attacked the plaintiff.) Thus, the plaintiff was under no obligation to provide summary judgment evidence that she had been raped and robbed by a crew member. Moreover, this is not a case where the defendant moved, at the close of discovery, based upon *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) or *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985), claiming that the plaintiff lacked sufficient evidence to get to the jury. Instead, Scotia Prince's argument on these three counts was that the law does not impose strict liability on an employer for the intentional torts of an employee.[1] The suggestion that the plaintiff had failed in her own proof came only in the defendant's Reply Memorandum. Def.'s Reply Mem. at 3. That was too late

in the summary judgment practice to place upon the plaintiff a burden to produce evidence.

 I turn therefore to the legal issue that the defendant did raise in its summary judgment motion. The plaintiff has accused a crew member of attacking her sexually (battery, Count I), stealing her money (conversion, Count V) and intentionally inflicting emotional distress upon her (Count III). It is undisputed that these are not activities the crew is hired to perform, and Scotia Prince Cruises argues accordingly that it is not liable unless it was negligent. It refers to the Restatement (Second) of Agency, § 219, which states that a master is not liable "for the torts of his servants acting outside the scope of their employment, unless" one of four criteria is satisfied. Unfortunately for Scotia Prince Cruises' argument, one of the four criteria that avoids non-liability is that "the conduct violated a non-delegable duty of the master." § 219(2)(c). Section 214, comment e, identifies "the relation of carrier and passenger" as one example that creates such a non-delegable duty and gives as an illustration: "P, a railroad, employs A, a qualified conductor, to take charge of a train. A assaults T, a passenger. P is subject to liability to T." *Id.* The Illustration may come from a nineteenth century Supreme Court case, *New Orleans & N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891). There, the Court said:

> [O]wing to the peculiar circumstances which surround the carrying of passengers, . . . a more stringent rule of liability has been cast upon the employer;

---

1. Whether the movant chooses to produce evidence negating the non-movant's claim or chooses, *Celotex*-style, to point to the non-movant's failure to produce evidence essential to its case, the movant has the burden of identifying the deficiencies in the non-mov-

ant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Neither Scotia Prince's motion for summary judgment nor its statement of material facts challenged whether the rape and robbery had, in fact, occurred.

and he has been held liable although the assault was wanton and willful, and outside the scope of the employment.

*Id.* at 27, 12 S.Ct. 109. Some have argued that the force of the Supreme Court's language in *Jopes* was overcome by its statement in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), that "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." *Id.* at 632, 79 S.Ct. 406. But *Kermarec* was a passenger's personal injury claim for falling down a defective staircase, not a claim based upon a crew member's intentional tort. The Ninth Circuit has held explicitly that *Kermarec* has not changed the standard for crew member's intentional torts. *Morton v. De Oliveira*, 984 F.2d 289 (9th Cir.1993); *accord Doe v. Celebrity Cruises*, 145 F.Supp.2d 1337 (S.D.Fla.2001). A district court in the Second Circuit disagrees. *See York v. Commodore Cruise Line, Ltd.*, 863 F.Supp. 159 (S.D.N.Y.1994); *Jaffess v. Home Lines, Inc.*, 1990 AMC 1430, 1988 WL 42049 (S.D.N.Y.1988). I believe that the First Circuit agrees with the Ninth Circuit, however, for it stated in *Muratore v. M/S Scotia Prince*, 845 F.2d 347 (1st Cir.1988), that "a maritime carrier has an 'unconditional responsibility for the misconduct of its people toward the passengers.' ... [T]he doctrine of *respondeat superior* applies to hold a carrier responsible for the defaults of its crew." *Id.* at 353 (citations omitted). I conclude, therefore, that contrary to the defendant's argument, Scotia Prince Cruises may be held liable for the intentional torts of its crew members. It is not entitled to summary judgment on Counts I, III, and V.

The defendant's motion for summary judgment is therefore **GRANTED** as to Counts VII and VIII and punitive damages, and otherwise **DENIED**.

So Ordered.